

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,489-01

### EX PARTE FRANCISCO SALAZAR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11-05-05000-CR(1) IN THE 9ᵀᴴ DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of continuous sexual abuse of a child, one count of indecency with a child, and one count of sexual assault of a child and was sentenced to forty years' imprisonment, ten years' imprisonment, and twenty years' imprisonment, to run concurrently.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. The trial court has determined that trial counsel prepared a notice of

appeal, but that the notice was lost somewhere between its execution and its inclusion in the records maintained by the district clerk's office. The trial court finds that Applicant desired to appeal, but that he was denied the right to do so through no fault of his own. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 11-05-05000-CR(1) from the 9th District Court of Montgomery County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 22, 2017
Do not publish